In the United States District Court for the
Western District of Texas
Del Rio Division

FILED
OCT 2 7 2004
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE MATTER OF § 
 § DR 04-CA-090
NORMAN J. SILVERMAN §
 §

## Respondent Norman J. Silverman's Response to Order to Show Cause

Defendant Norman J. Silverman files the following response to the Court's October 12, 2004 order to show cause.

1. Respondent's statement under penalty of perjury, explaining the circumstances preceding his nonappearance before the Court at the docket call on October 12, 2004, and his letter of apology to the Court, expressing his genuine remorse and regret for this incident, are attached.

2. In the present circumstances, under well-established precedent, an adjudication of criminal contempt under 18 U.S.C. § 402 and F. R. Cr. Proc. 42(b) requires evidence and a finding that the accused willfully or recklessly disregarded his obligation to appear before this Court. Here, Respondent made two timely appearances before the United States Magistrate Judge in Mr. Deras's case, at his initial appearance and detention hearing, and at subsequent depositions of material witnesses. He has explained the scheduling conflict that was the immediate cause of his failure to appear, and the pressures of trial preparation and resulting lapse of

memory that caused him to lose track of the scheduled docket call in this case. There is nothing to suggest that Respondent has acted in bad faith or in an effort to gain some advantage as an advocate before this Court. He simply overlooked the docket call. While "[s]uch negligence is not to be condoned, . . . [a] finding that this single incident demonstrated reckless disregard of an order of the court sufficient to support an adjudication of criminal conduct and the imposition of a punitive fine [would be] clearly erroneous." *In re Adams*, 505 F.2d 949, 950 (5 Cir. 1974); see also *In re Greene*, 213 F.3d 223, 225 (5 Cir. 2000) (attorney, 12 minutes late for court, "deserved an admonition about checking his calendar and being on time; but criminal contempt should not have been on the judge's radar screen for this minor infraction").

For the foregoing reasons, Respondent Norman J. Silverman respectfully moves that the Court dismiss the order to show cause, or, alternatively, following hearing, that the Court find that Respondent is not guilty of criminal contempt.

Respectfully submitted,

MICHAEL A. MANESS
Texas Bar No. 12897000
1900 North Loop West, Suite 500
Houston, Texas 77018-8120
(713) 680-9922
(713) 680-0804 (FAX)

Attorney for Respondent
Norman J. Silverman

## Certificate of Service

I certify that on October 26, 2004, I have served a copy of the foregoing Respondent Norman J. Silverman's Response to Order to Show Cause upon counsel for the Government, by Federal Express, at the following address:

>Robert Brady
>Assistant United States Attorney
>111 E. Broadway, Room 300
>Del Rio TX 78840

_____
MICHAEL A. MANESS

# In the United States District Court for the
# Western District of Texas
# Del Rio Division

| | | |
|---|---|---|
| IN THE MATTER OF | § § | DR 04-CA-090 |
| NORMAN J. SILVERMAN | § § § | |

**Respondent Norman J. Silverman's Statement Under Penalty of Perjury**

My name is Norman J. Silverman. I am a licensed Texas attorney. I am making this statement, under penalty of perjury, to explain the circumstances that resulted in my failure to have appeared before this Court at the docket call on October 12, 2004 at 9:00 a.m. in the case of *United States of America v. Juan Antonio Deras*.

I was set for trial as defense counsel on October 12, 2004 in two state criminal prosecutions, No. 991,792 and No. 991,793, *The State of Texas v. Albert Allen Ruiz*, in the 180th District Court of Harris County, Texas. Mr. Ruiz was charged in one case with theft of more than $1 million, a first-degree felony under Texas law, and in the other case with theft of more than $100,000, a second-degree felony. The State was seeking to use evidence in one case as extraneous offense evidence in the other case.

Sixteen days before the scheduled trial date, on a Friday, the State filed more than 10,000 pages of business records, under both case numbers, with the Clerk of the District Court, and gave notice to defense counsel that such records were

available for inspection. On the Monday after the records were filed, I was scheduled for trial in a murder case in the 228th District Court, styled *State of Texas vs. Jerry Thomas*, and in a misdemeanor prostitution case in County Criminal Court Number 15. I went to trial in the County Court 15. The murder case was reset. On Tuesday, I prepared for oral argument in *Xavier Barocio v. State of Texas*, in the Court of Criminal Appeals. On Wednesday, I argued that case in Austin. On Thursday, I attended a detention hearing in a felony juvenile case in Ft. Bend, County. I also obtained bond in another unrelated felony case in Ft. Bend County, on the same day. On Thursday, I informed the Visiting Judge, Mary Bacon of the need for the continuance. She ordered a hearing on Friday and ordered that I immediately begin reviewing the records. I immediately went to the office of the District Clerk and requested to see the records. The Clerk informed me that no records had been filed. I obtained an affidavit to that effect. On Friday, I presented the affidavit to the Court, together with a motion for continuance. The Court denied the request for a continuance and ordered all lawyers to remain in the courthouse until the records were found. First, one group of records were found. Later, the remainder were found. Monday, I appeared for trial and reurged the continuance motion. Again, it was denied. The Court ordered that I continue to review documents. I did so. Trial was carried until the following day, Tuesday, the day I regrettably failed to appear in this case. On Tuesday, I expected trial to

commence, but it did not. I continued to review records. My office phoned me and told me I had missed this appearance. I phoned the Court to explain what had occurred. I left a message on the case manager's answering machine. I received notice of the contempt citation a few days later.

I filed a motion for continuance, which I had expected the trial court to grant. Instead, the trial court denied the continuance.

I did not willfully or deliberately fail to appear at the docket call in this Court on October 12, 2004. I simply overlooked this setting, as the result of complete immersion in, and preoccupation with, the defense of Albert Ruiz.

Signed on October 26, 2004.

NORMAN J. SILVERMAN

NORMAN J. SILVERMAN
ATTORNEY AT LAW
801 Congress
Suite 200
Houston, Texas 77002

---

(713) 526-1515
(713) 228-8710 (FAX)

October 26, 2004

Honorable Alia Moses Ludlum
United States District Judge
111 E. Broadway
Del Rio, Texas 78840

Dear Judge Ludlum:

    I am writing this letter to express to you my sincere and profound apology and regret for having failed to appear before the Court at the docket call on October 12, 2004. I am truly sorry for this inexcusable lapse, which was wholly unintended, and which resulted from one of those inexplicable oversights that I have great difficulty explaining.

    I am very much aware of how important it is for me to make timely appearances before the Court, and how my nonappearance could and probably did disrupt the Court's handling of my client's case. I am particularly sorry that my preoccupation with the Ruiz trial in the state court here in Houston was so complete that I did not even remember to telephone the Court's staff to explain the scheduling conflict that had arisen. That would have been simple courtesy. Needless to say, if I had remembered my obligation to appear before you, I would never have allowed this to happen.

    This has truly been an embarrassing and humiliating experience for me. Being cited for criminal contempt by a federal court is both frightening and humbling. It has caused me to completely change my routine, to verify that all of my court appearances are properly on my calendar, *and to insure that I actually read the calendar*, even if I'm caught up in a difficult and demanding trial, as I was in this instance,

    I hope you will accept my apology and believe that I had no intention to deliberately disregard my obligations as an officer of the court, or to demonstrate any disrespect for you. I am very, very sorry.

Sincerely yours,

Norman J. Silverman